**CAMPBELL & WILLIAMS**
J. Colby Williams (5549)
710 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
jcw@cwlawlv.com

**LATHAM & WATKINS LLP**
Serrin Turner (*pro hac vice* forthcoming)
1271 Avenue of the Americas
New York, New York 10020-4834
Telephone: (212) 906-1200
serrin.turner@lw.com

Brad Baglien (*pro hac vice* forthcoming)
555 Eleventh Street, NW
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
brad.baglien@lw.com

*Attorneys for Defendants*
*Wynn Resorts, Limited., and Wynn Resorts Holdings, LLC*

*[Additional Counsel on Signature Page]*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DRAKE MAYNARD, et al.<br><br>Plaintiffs,<br><br>v.<br><br>WYNN RESORTS HOLDINGS, LLC,<br><br>Defendant. | Case No. 2:26-cv-00504-CDS-BNW<br><br>**STIPULATION AND ORDER CONTINUING TIME FOR DEFENDANT WYNN RESORTS HOLDINGS, LLC TO RESPOND TO COMPLAINTS**<br><br>**(FIRST REQUEST)** |

WHEREAS, on or about February 20, 2026, it was announced that Defendant Wynn Resorts Holdings ("Wynn Resorts") had experienced a cybersecurity incident (the "Incident");

WHEREAS, following that announcement, a series of putative class action lawsuits were filed against Wynn Resorts in this District asserting claims relating to the Incident, which are

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
NEW YORK

described further below (the "Related Actions");

WHEREAS, on February 27, 2026, plaintiffs filed the instant action, *Maynard v. Wynn Resorts Holdings, LLC* No. 2:26-cv-00504-CDS-BNW (Dkt. 1);

WHEREAS, Defendant Wynn Resorts was served with the *Maynard* complaint on March 4, 2026;

WHEREAS, pursuant to Fed. R. Civ. Proc. 12(a), Wynn Resorts's response to the instant *Maynard* complaint is currently due on or before March 25, 2026;

WHEREAS, in addition to the *Maynard* complaint, on February 21, 2026, plaintiffs filed *Reed v. Wynn Resorts Holdings, LLC*, Case No. 2:26-cv-00482-APG-DJA (Dkt. 1);

WHEREAS, Defendant Wynn Resorts was served with the *Reed* complaint on March 20, 2026;

WHEREAS, pursuant to Fed. R. Civ. Proc. 12(a), Wynn Resorts's response to the *Reed* complaint is currently due on or before April 10, 2026;

WHEREAS, on February 24, 2026, plaintiffs filed *Li v. Wynn Resort Holdings, LLC* No. 2:26-CV-00505-CDS-EJY (Dkt. 1);

WHEREAS, Defendant Wynn Resorts was served with the *Li* complaint on March 4, 2026;

WHEREAS, pursuant to Fed. R. Civ. Proc. 12(a), Wynn Resort's response to the *Li* complaint is currently due on or before March 25, 2026;

WHEREAS, on February 25, 2026, plaintiffs filed *Gebo v. Wynn Resorts Limited et al, LLC* No. 2:26-cv-00524-ART-DJA (Dkt. 1);

WHEREAS, Defendant Wynn Resorts Limited and Defendant Wynn Resorts (collectively, "Wynn") have yet to be served with the *Gebo* complaint;

WHEREAS, on February 25, 2026, plaintiffs filed *Livingston v. Wynn Resorts Holdings, LLC* No. 2:26-cv-00534-CDS-DJA (Dkt. 1);

WHEREAS, Defendant Wynn Resorts was served with the *Livingston* complaint on March 4, 2026 (Dkt. 5);

WHEREAS, pursuant to Fed. R. Civ. Proc. 12(a), Wynn Resorts's response to the *Livingston* complaint is currently due on or before March 25, 2026;

WHEREAS, on February 27, 2026, plaintiffs filed *Alba v. Wynn Resort Holdings, LLC* No. 2:26-cv-00564-JCM-MDC (Dkt. 1);

WHEREAS, Defendant Wynn Resorts was served with the *Alba* complaint on March 2, 2026;

WHEREAS, pursuant to Fed. R. Civ. Proc. 12(a), Wynn Resorts's response to the *Alba* complaint was originally due on or before March 23, 2026;

WHEREAS, on March 23, 2026, the parties to the *Alba* action stipulated to extend Wynn Resort's deadline to respond to the complaint in the *Alba* action pending a ruling on Plaintiffs' anticipated Motion to Consolidate (defined below);

WHEREAS, on February 27, 2026, plaintiffs filed *Hunt v. Wynn Resorts Holdings, LLC* No. 2:26-cv-00572-APG-EJY (Dkt. 1);

WHEREAS, Defendant Wynn Resorts was served with the *Hunt* complaint on March 5, 2026;

WHEREAS, pursuant to Fed. R. Civ. Proc. 12(a), Wynn Resorts's response to the *Hunt* complaint is currently due on or before March 26, 2026;

WHEREAS, on March 4, 2026, plaintiffs filed *Carter v. Wynn Resorts Holdings, LLC*. No. 2:26-cv-00610-JCM-BNW (Dkt. 1);

WHEREAS, Defendant Wynn Resorts was served with the *Carter* complaint on March 11, 2026;

WHEREAS, pursuant to Fed. R. Civ. Proc. 12(a), Wynn Resorts's response to the *Carter* complaint is currently due on or before April 1, 2026;

WHEREAS, on March 4, 2026, plaintiffs filed *Murray v. Wynn Resorts Holdings, LLC*. No. 2:26-cv-00615-GMN-DJA (Dkt. 1);

WHEREAS, Defendant Wynn Resorts was served with the *Murray* complaint on March 17, 2026;

WHEREAS, pursuant to Fed. R. Civ. Proc. 12(a), Wynn Resorts's response to the *Murray* complaint is currently due on or before April 7, 2026;

WHEREAS, on March 3, 2026, plaintiffs filed *Poffenberger v. Wynn Resorts Limited* No. 2:26-cv-00621-GMN-NJK (Dkt. 1);

WHEREAS, Defendant Wynn Resorts Limited was served with the *Poffenberger* complaint on March 17, 2026;

WHEREAS, pursuant to Fed. R. Civ. Proc. 12(a), Wynn Resorts Limited's response to the *Poffenberger* complaint is currently due on or before April 7, 2026;

WHEREAS, on March 10, 2026, plaintiffs filed *Emerson v. Wynn Resorts Limited* No. 2:26-cv-00662-APG-MDC (Dkt. 1);

WHEREAS, Defendant Wynn Resorts Limited was served with the *Emerson* complaint on March 13, 2026;

WHEREAS, pursuant to Fed. R. Civ. Proc. 12(a), Wynn Resorts Limited's response to the *Emerson* complaint is currently due on or before April 3, 2026;

WHEREAS, counsel for *Reed, Maynard, Li, Gebo, Livingston, Alba, Hunt, Carter, Murray, Poffenberger,* and *Emerson* (collectively, "Plaintiffs") intend to file an Unopposed Motion to Consolidate the Related Actions for Pre-Trial Proceedings (the "Motion to Consolidate") no later than March 25, 2026;

WHEREAS, the Motion to Consolidate will propose deadlines: (i) for Plaintiffs' counsel to apply for appointment as interim lead counsel; (ii) upon the appointment of interim lead counsel, for Plaintiffs to file a Consolidated Complaint, and (iii) for Wynn to respond to the Consolidated Complaint;

WHEREAS, the anticipated Motion to Consolidate has not yet been filed, and thus Wynn currently faces upcoming response deadlines in certain of the Related Actions in which it has been served, including in the instant *Maynard* action;

WHEREAS, to avoid unnecessary expenditure of resources and effort responding to individual complaints in the Related Actions where all Parties are agreed that the complaints

should first be consolidated, and where the Motion to Consolidate is anticipated to be filed shortly, the Parties have agreed to extend the time for Wynn to respond to the complaints in the Related Actions until (i) forty-five (45) days following the filing of a Consolidated Complaint, assuming the Motion to Consolidate is granted and interim lead counsel are subsequently appointed; or (ii) if the Court denies the Motion to Consolidate, forty-five (45) days after the Court issues such decision. There is good cause to grant this request, which is not made for the purposes of delay.

It is therefore **STIPULATED** and **AGREED** that:

1. Defendant's deadline to serve its response to the Complaint shall be extended pending the anticipated ruling on Plaintiffs' Motion to Consolidate.

2. If the Motion to Consolidate is granted and interim lead counsel is subsequently appointed, the court granting such motion shall determine Defendant's deadline to serve its response to the anticipated Consolidated Complaint.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

3. If the Motion to Consolidate is not granted, Defendant shall file and serve its response to the complaint in the instant action within forty-five (45) days of the court's decision.

Dated: March 24, 2026

By: ____/s/ *J. Colby Williams*____
**CAMPBELL & WILLIAMS**
J. Colby Williams (5549)
710 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
jcw@cwlawlv.com

**LATHAM & WATKINS LLP**
Serrin Turner (*pro hac vice* forthcoming)
1271 Avenue of the Americas
New York, New York 10020-4834
Telephone: (212) 906-1200
serrin.turner@lw.com
Brad Baglien (*pro hac vice* forthcoming)
555 Eleventh Street, NW
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
brad.baglien@lw.com

*Attorneys for Defendants Wynn Resorts, Limited., and Wynn Resorts Holdings, LLC*

Dated: March 24, 2026

By: */s/  Nathan R. Ring*____
Nathan R. Ring
Nevada State Bar No. 12078
**STRANCH, JENNINGS & ARVEY, PLLC**
3100 W. Charleston Boulevard, Suite 208
Las Vegas, NV 89102
Telephone: (725) 235-9750
Email:  lasvegas@stranchlaw.com

Adrew W. Ferich*
Miles McDowell*
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Telephone: (310) 474-9111
Email:  aferich@ahdootwolfson.com
           bdevall@ahdootwolfson.com

*\*Pro Hac vice application forthcoming*

*Counsel for Plaintiff Drake Maynard*

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED:  March 25, 2026

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
NEW YORK